IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MURLENE KIDD-FIELDS,

    Plaintiff,

v.                                                                 Case No. 24-2348-JWB

BOBBY GLANZER, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) The motion is fully briefed and ripe for decision. (Doc. 5, 10, 14.) The motion is taken under advisement for the reasons stated herein.

**I.**     **Facts**

The facts are taken from Plaintiff's Petition which was initially filed in Kansas state court. (Doc. 1-1 at 1.) On August 8, 2023, an accident occurred between vehicles operated by Defendant Bobby Glanzer and by Plaintiff. (*Id.*) Plaintiff alleges that Defendant was an employee of Evergy, Inc., and was negligently operating his vehicle and was within the scope of his employment at the time of the accident. (*Id.*) Plaintiff filed the present lawsuit in Johnson County, Kansas on July 9, 2024. (*Id.*) Given that both Bobby Glazner and Evergy, Inc. are domiciled in Missouri, they removed the action from Kansas state court on August 9, 2024. (Doc. 1.) Defendants then filed a motion to dismiss for failure to state a claim. (Doc. 4.)

**II.**     **Standard**

In order to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim

1

to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.     Analysis**

To recover for negligence in Kansas, "the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered." *South ex rel. South v. McCarter*, 280 Kan. 85, 94, 119 P.3d 1, 8 (2005) (citations omitted). "Whether a duty exists is a question of law." *Id*. Defendants argue that Plaintiff's factual allegations fail to establish what duty was owed to Plaintiff and in what way that duty was breached apart from merely relying on conclusory allegations. (Doc. 5 at 3.) Plaintiff contends that the threadbare Petition satisfies the requirements for a notice pleading in Kansas state courts, and thus should not be dismissed. (Doc. 10 at 1.)

While the Petition asserts a cause of action for negligence, the Petition contains no facts showing that Defendants owed a legal duty to Plaintiff under Kansas law or that their conduct breached such a duty. *See, e.g.*, *Baska v. Scherzer*, 283 Kan. 750, 756, 156 P.3d 617, 622 (2007) (citations omitted) (elements of negligence include existence of duty and failure to perform that duty). Additionally, the Petition states in a conclusory manner that Defendant Glanzer "was an employee and operating in the scope and course of his employment" without any factual support for the conclusory allegation. (Doc. 1-1.) Thus, the Petition fails to state a valid claim for relief under Kansas negligence law against either Defendant. In her response, Plaintiff seeks an

opportunity to amend should the court find her Petition deficient. (Doc. 10 at 2.) This court has allowed Plaintiffs to amend an otherwise deficient complaint when they could reasonably remedy the deficiencies. *See, e.g.*, *Huffman v. Blue Compass RV, LLC*, No. 23-4091-JWB, 2024 WL 2863250, at *6 (D. Kan. June 6, 2024); *see also Benbrook v. Pathways Holdings, LLC*, No. 24-1032-JWB, 2024 WL 4286981, at *1 (D. Kan. Sept. 25, 2024). Because Plaintiff could conceivably clarify the facts in an amended pleading to state a facially valid claim, the court will grant Plaintiff 14 days to file an amended complaint.

**IV.     Conclusion**

Defendants' motion to dismiss (Doc. 4) is TAKEN UNDER ADVISEMENT. Plaintiff is to file an amended complaint to address the issues identified herein on or before November 26, 2024. Should Plaintiff fail to do so, Defendants' motion may be granted without further notice. IT IS SO ORDERED. Dated this 12th day of November, 2024.

                                              _s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE